UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN H. YEO, III, and YEO FARMS, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>KASOWITZ, BENSON, TORRES & FRIEDMAN,<br>LLP and AARON MARKS, ESQ.,<br><br>Defendants. | No. 15-cv-6499 (CM) (RLE)<br><br>**ANSWER** |

Defendants Kasowitz, Benson, Torres & Friedman, LLP ("Kasowitz") and Aaron Marks, Esq. ("Marks") (together, the "Defendants"), by and through their attorneys, hereby answer the Complaint of Plaintiffs Edwin H. Yeo, III ("Yeo"), and Yeo Farms, LLC (together, the "Plaintiffs"), as follows:

## INTRODUCTION

1.  The allegations in paragraph 1 state a legal conclusion, to which no response is required. To the extent a response is required, the Defendants deny the allegations in paragraph 1 and refer to the Complaint in this matter for its content.

2.  The allegations in paragraph 2 state a legal conclusion, to which no response is required.

3.  The allegations in paragraph 3 state a legal conclusion, to which no response is required.

## THE PARTIES

4.  The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5.

6. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. The Defendants admit the allegations in the first paragraph labeled 7.

8. The Defendants deny the allegations in paragraph 8, but admit that Marks is an attorney duly admitted to practice law within the State of New York and is a partner at Kasowitz.

7. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second paragraph labeled 7.

## NATURE OF THE ACTION

9. The Defendants deny the allegations in the first paragraph labeled 9.

9. The Defendants deny the allegations in the second paragraph labeled 9, but admit that Kasowitz represented Plaintiffs in the action captioned *Frederick B. Whittemore v. Edwin H Yeo III, Endurance Capital Management Company, L.P., Endurance Management Company, LLC, and Yeo Farms, LLC*, Index No. 600742/10 (N.Y. Sup. Ct., N.Y. Cnty. N.Y) (the "Whittemore Action") after October 5, 2010.

10. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18.

19. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19.

20. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21.

22. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 31. The Defendants deny the allegations in the second sentence of paragraph 31, but admit that Kasowitz represented the defendants named in the action captioned *LeverPoint Management, LLC v. Endurance Capital Management Company, L.P., Endurance Capital Management Company II, L.P., Endurance Management Company, LLC and Endurance Management Company II, LLC*, Index No. 3699/09 (N.Y. Sup. Ct., Saratoga Cnty. N.Y.) (the "LeverPoint Action").

32. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33. The Defendants deny the allegations in paragraph 33 and refer to the complaint in the Whittemore Action for its content.

34. The Defendants deny the allegations in paragraph 34 and refer to the complaint in the Whittemore Action for its content.

35. The Defendants deny the allegations in paragraph 35 and refer to the complaint in the Whittemore Action for its content.

36. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36.

37. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. The Defendants deny the allegations in paragraph 39, but admit that Kasowitz represented the defendants named in the LeverPoint Action in that Action.

40. The Defendants deny the allegations in paragraph 40.

41. The Defendants deny the allegations in paragraph 41.

42. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43.

44. The Defendants deny the allegations in paragraph 44, but admit that Marks called William Holm, Esq. ("Holm") on or around April 23, 2010.

45. The Defendants deny the allegations in paragraph 45, but admit that there was a telephone call placed from Kasowitz to Yeo on April 23, 2010.

46. The Defendants deny the allegations in paragraph 46.

47. The Defendants deny the allegations in paragraph 47, but admit that neither Marks nor Kasowitz submitted an answer to the complaint in the Whittemore Action on the Plaintiffs' behalf in or about April 2010.

48. The Defendants deny the allegations in paragraph 48.

49. The Defendants deny the allegations in paragraph 49.

50. The Defendants deny the allegations in paragraph 50.

51. The Defendants deny the allegations in paragraph 51, but admit that Holm filed a motion on or about September 29, 2010 in the Whittemore Action and refer to that motion for its content.

52. The Defendants admit the allegations in paragraph 52.

53. The Defendants deny the allegations in paragraph 53, but admit that Kasowitz and Marks represented Yeo in connection with Yeo's opposition to the motion.

54. The Defendants deny the allegations in paragraph 54.

55. The Defendants deny the allegations in paragraph 55.

56. The Defendants deny the allegations in paragraph 56.

57. The Defendants deny the allegations in paragraph 57 and refer to the court papers in the Whittemore Action for their content.

58. The Defendants deny the allegations in paragraph 58 and refer to the court decision referenced in paragraph 58 for its content.

59. The Defendants deny the allegations in paragraph 59.

60. The Defendants deny the allegations in paragraph 60.

61. The Defendants deny the allegations in paragraph 61, but admit that Marks communicated with Yeo on or around April 22, 2010 and with Holm on or around April 23, 2010.

62. The Defendants deny the allegations in the first sentence of paragraph 62. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 62.

63. The Defendants deny the allegations in paragraph 63 and refer to the court papers in the Whittemore Action for their content.

64. The Defendants deny the allegations in paragraph 64 and refer to the court papers in the Whittemore Action for their content.

65. The Defendants deny the allegations in paragraph 65.

66. The Defendants deny the allegations in paragraph 66.

67. The Defendants deny the allegations in paragraph 67.

68. The Defendants admit the allegations in paragraph 68.

69. The Defendants deny the allegations in paragraph 69, but admit that the First Department affirmed the judgment against the defendants in the Whittemore Action and denied their motion for leave to appeal to the Court of Appeals.

70. The Defendants deny the allegations in paragraph 70 and refer to the Appellate Division decision referred to in paragraph 70 for its content.

## FIRST CAUSE OF ACTION
## MALPRACTICE

71. The Defendants deny the allegations in paragraph 71.

72. The Defendants deny the allegations in paragraph 72.

73. The Defendants deny the allegations in paragraph 73.

74. The Defendants deny the allegations in paragraph 74.

75. The Defendants deny the allegations in paragraph 75.

76. The Defendants deny the allegations in paragraph 76.

77. The Defendants deny the allegations in paragraph 77.

78. The Defendants deny the allegations in paragraph 78.

79. The Defendants deny the allegations in paragraph 79.

80. The Defendants admit the allegations in paragraph 80.

81. The Defendants deny the allegations in paragraph 81.

82. The Defendants deny the allegations in paragraph 82.

83. The Defendants deny the allegations in paragraph 83.

84. The Defendants deny the allegations in paragraph 84.

85. The Defendants deny the allegations in paragraph 85.

86. The Defendants deny the allegations in paragraph 86.

87. The Defendants deny the allegations in paragraph 87.

## SECOND CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

88. The Defendants restate the responses contained in Paragraphs 1 through 87 of this Answer, as if fully set forth herein.

89. The Defendants deny the allegations in paragraph 89.

90. The Defendants deny the allegations in paragraph 90.

91. The Defendants deny the allegations in paragraph 91.

92. The Defendants deny the allegations in paragraph 92.

93. The Defendants deny the allegations in paragraph 93.

94. The Defendants deny the allegations in paragraph 94.

95. The Defendants deny the allegations in paragraph 95.

96. The Defendants deny the allegations in the first sentence of paragraph 96. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 96.

97. The Defendants deny the allegations in the first sentence of paragraph 97. The Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 97.

98. The Defendants deny the allegations in paragraph 98.

99. The Defendants deny the allegations in paragraph 99.

100. The Defendants deny the allegations in paragraph 100.

101. The Defendants deny the allegations in paragraph 101, and refer to the entirety of the Complaint in this matter for its content.

102. The Defendants deny the allegations in paragraph 102 and refer to the entirety of the Complaint in this matter for its content.

103. The Defendants deny the allegations in paragraph 103.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs have failed to state a claim upon which relief can be granted.

2. The Plaintiffs' claims are barred by the applicable statutes of limitations.

3. There was no attorney-client relationship between the Plaintiffs and the Defendants in the Whittemore Action prior to October 5, 2010.

4. The Defendants did not breach any duty or obligation owed to the Plaintiffs.

5. The Defendants' conduct was not the cause of the Plaintiffs' alleged damages.

6. The Plaintiffs are partly or wholly at fault for their own injuries, and such fault caused or contributed to the damages complained of in this case.

7. The Plaintiffs' legal malpractice claim is duplicative of their breach of fiduciary duty claim.

Dated:  October 8, 2015
        New York, New York

LANKLER SIFFERT & WOHL LLP

By: _____
John S. Siffert (jsiffert@lswlaw.com)
Daniel E. Reynolds (dreynolds@lswlaw.com)
Rachel S. Berkowitz (rberkowitz@lswlaw.com)
500 Fifth Avenue
New York, NY 10110
(212) 921-8399

*Attorneys for Defendants*