UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN H. YEO, III, and YEO FARMS, LLC,

    Plaintiffs,

v.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP and AARON MARKS, ESQ.,

    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/15

No. 15-cv-6499 (CM) (RLE)

~~PROPOSED~~
**PROTECTIVE ORDER**

McMAHON, District Judge:

The parties have agreed to the following terms of non-disclosure and confidentiality, and the Court has found good cause exists for issuance of an appropriately-tailored protective order governing the pre-trial phase of this action.

Accordingly, IT IS HEREBY ORDERED THAT any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms:

1. Any person subject to this Order who receives from any other person any Discovery Material (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as "Confidential" any Discovery Material or portion of Discovery Material that contains non-public business, commercial, financial, or personal information, the

      public disclosure of which is either restricted by law or could, in the good faith opinion of the producing person, adversely affect a person's privacy obligations or policies, business, commercial, financial, or personal interests.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the document or protected portion of the document in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated Confidential either on the record during the deposition or within five days of receiving the transcript.

4. Any party may designate another party's or third-party's Discovery Material as "Confidential."

5. At any time prior to the trial of this action, any Discovery Material inadvertently produced without limitation may be designated by the producing person as Confidential by informing all parties in writing that the Discovery Materials should be treated as Confidential under this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated as Confidential by the producing person to any other person, except:

    a. the parties to this action;

    b. counsel retained specifically for this action, including any paralegal, clerical, and other assistant employed by such counsel and assigned to this matter;

    c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    d.     any witness called to testify at deposition or any witness whom counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided that such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    e.     any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached to this Order;

    f.     stenographers engaged to transcribe depositions conducted in this action;

    g.     the Court and its support personnel; and

    h.     any other person agreed to by the parties.

7. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Order and shall sign a Non-Disclosure Agreement in the form attached to this Order. Counsel shall retain each signed Non-Disclosure Agreement.

8. If, in conjunction with a matter other than this litigation, Discovery Material is subpoenaed or requested from a receiving party by any person, court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall give written notice thereof as soon as reasonably practical to the producing party's counsel and unless prohibited by the applicable law, shall

  enclose a copy of the subpoena or other request and shall provide the producing party with an opportunity to object to the production of the Discovery Material. If the producing party does not move for a protective order or reach an agreement regarding the production with the person or entity seeking production within ten business days of receiving notice of the subpoena or request, the party to whom the subpoena or request is directed may produce, on or after the date set for production in the subpoena or request, such Discovery Material in response thereto.

9. Subject to the Court's instruction otherwise, the parties agree that in the first instance all Confidential Discovery Material filed with the Court, and all portions of pleadings, motions, or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court in the manner provided by the Court's "Sealed Records Filing Instructions." The parties will use their reasonable best efforts to minimize the filing of Discovery Materials under seal. For any document filed under seal, (1) a redacted version of the document shall be filed on the public docket on the same day, and (2) a letter shall be filed on the public docket indicating what has been filed under seal.

10. Any party who either objects to any designation of confidentiality, or who requests further limits on disclosure (such as "attorneys' eyes only"), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request.

If the parties cannot reach agreement respecting the objection within three (3) business days, the parties may seek a ruling from the Court.

11. Each person who has access to Discovery Material – designated as Confidential or otherwise – shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Under no circumstances shall Discovery Material be used or disclosed by any person, other than the producing party, for any purpose other than prosecuting, defending, or settling this litigation.

12. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

13. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. A receiving party may move the Court for an Order compelling the production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

14. This Order shall survive the termination of the litigation. Within thirty days of the final disposition of this action, all Discovery Materials designated as

"Confidential," including copies, shall be returned promptly to the producing person, or, upon permission of the producing person, destroyed.

15. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

16. This Protective Order shall be binding on the parties immediately upon submission to the Court.

17. This Protective Order shall be binding on any future party to the Action.

### THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER:

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is in fact genuinely deserving of confidential treatment. The Court will only redact

portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED.

| LAW OFFICE OF<br>ANDREW LAVOOTT BLUESTONE | LANKLER SIFFERT & WOHL LLP |
|---|---|
| By: _____<br>Andrew Lavoott Bluestone<br>233 Broadway<br>Suite 2702<br>New York, New York 10279<br>(212) 791-5600 | By: _____<br>John S. Siffert<br>Daniel E. Reynolds<br>Rachel S. Berkowitz<br>500 Fifth Avenue, 33rd Floor<br>New York, New York 10110<br>(212) 921-8399 |
| *Attorney for Plaintiffs* | *Attorneys for Defendants* |

Dated: November 17, 2015
New York, New York

SO ORDERED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWIN H. YEO, III, and YEO FARMS, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>KASOWITZ, BENSON, TORRES & FRIEDMAN,<br>LLP and AARON MARKS, ESQ.,<br><br>    Defendants. | No. 15-cv-6499 (CM) (RLE)<br><br>**NON-DISCLOSURE<br>AGREEMENT** |

    I, _____, state that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in the above-entitled action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with and agree to be bound by all of the provisions of the Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action, any Discovery Material, designated Confidential or otherwise, that is disclosed to me.

8. I will return all Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Discovery Material.

9. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Protective Order in this action.

Date: _____        _____